1  MAYER BROWN LLP
   JOHN NADOLENCO (SBN 181128)
2  jnadolenco@mayerbrown.com
   JOSEPH W. GOODMAN (SBN 230161)
3  jgoodman@mayerbrown.com
   350 South Grand Avenue, 25th Floor
4  Los Angeles, CA  90071-1503
   Telephone:  (213) 229-9500
5  Facsimile:   (213) 625-0248

6  Attorneys for Defendant
   AT&T MOBILITY LLC

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **WESTERN DIVISION**

11

12 | WATSON CSR, INC. dba WATSON | Case No. CV09-02502 GW (MANx)
   | COURT REPORTERS, Individually |
13 | and on Behalf of All Others Similarly | **STIPULATION AND [~~PROPOSED~~]**
   | Situated, | **PROTECTIVE ORDER; ORDER**
14 |   | **THEREON**
   |                  Plaintiff, |
15 |   | NOTE: COURT MODIFICATIONS IN
   |        v. | ¶¶ 14, 15, 20, 21, AND 27
16 |   |
   | AT&T MOBILITY LLC, and DOES |
17 | 1 through 50, Inclusive, |
   |   |
18 |                  Defendants. |

-1-
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

28804501.1

IT IS HEREBY STIPULATED by and between Plaintiff Watson CSR Inc., on the one hand, and Defendant AT&T Mobility LLC on the other hand (collectively, "the parties"), through their undersigned attorneys of record, as follows:

WHEREAS the parties desire, by entering into this Stipulation and Order, to preserve the confidentiality of certain documents and information provided in connection with the above-captioned action (the "Action");

IT IS THEREFORE STIPULATED AND AGREED THAT:

1. In the event that any documents, interrogatory answers, responses to requests for admission, testimony, or other information or materials produced during the course of discovery or at the trial of this Action are designated as being "CONFIDENTIAL" (hereinafter "CONFIDENTIAL MATERIAL") or "CONFIDENTIAL – ATTORNEYS ONLY" (hereinafter "CONFIDENTIAL – ATTORNEYS ONLY MATERIAL") in accordance with this Stipulation and Protective Order, the CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL produced shall be maintained in confidence and not disclosed to any person (including representatives and employees of the receiving party) except as provided herein and shall be subject to the provisions of this Order.

2. CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL may include documents, interrogatories answers, responses to requests for admission, deposition testimony and other materials and information that contain private, proprietary, sensitive business or financial, trade secret or other information of the parties or third parties (including putative class members).

3. The terms CONFIDENTIAL MATERIAL and CONFIDENTIAL – ATTORNEYS ONLY MATERIAL shall also apply to copies, extracts, and complete or partial summaries prepared from such documents or information

1  designated as CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS ONLY,
2  CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY
3  MATERIAL.  The designation of any document or information as such pursuant to
4  the terms of this Order shall constitute the verification of counsel that the
5  designation is, in the good faith judgment of counsel, consistent with the terms of
6  this Order.

7      4.    When used in this Order, the term "document" shall have the full
8  meaning ascribed to it in Federal Rule of Civil Procedure 34(a) and shall include,
9  without limitation, original writings, drawings, graphs, charts, photographs,
10 recordings (by video or audio device), electronically-stored data, and any other
11 compilation from which information can be obtained, translated, if necessary, by
12 the party responding to any request for production through detection devices into
13 reasonably usable form, and any copies.

14     5.    No CONFIDENTIAL MATERIAL or CONFIDENTIAL –
15 ATTORNEYS ONLY MATERIAL shall be made public by the receiving party or
16 divulged to anyone other than as set forth herein.  Any person receiving
17 CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY
18 MATERIAL shall not reveal or discuss the information with any person who is not
19 authorized by this Order to receive the information.  No CONFIDENTIAL
20 MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL shall be
21 reproduced or used except in connection with the Action, including preparation for
22 trial of this Action as well as any motions, appeals, and retrials.

23     6.    A party producing CONFIDENTIAL MATERIAL or
24 CONFIDENTIAL – ATTORNEYS ONLY MATERIAL shall label or mark
25 documents and things deemed to be CONFIDENTIAL MATERIAL or
26 CONFIDENTIAL – ATTORNEYS ONLY MATERIAL with an appropriate
27 legend, such as "Confidential."  A party may designate information disclosed in
28 response to a written discovery request (i.e., interrogatory responses) as

CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL by so indicating in the written response.

7. All deposition testimony and exhibits that disclose or reference CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY pursuant to this Order. Testimony of a non-party deponent may be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY. Counsel, the producing party or the non-party deponent may designate information disclosed during deposition as CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL by identifying on the record at the deposition the material that is to be treated as CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL, or by marking within thirty (30) days after the receipt of a certified copy of the transcript of such deposition the portions of the transcript to be designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL. Prior to the expiration of such thirty (30) day period, all information disclosed during a deposition shall be treated as CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL, unless otherwise agreed by the parties and the witness, or ordered by the Court.

8. If any testimony in a deposition or any document or information used during the course of a deposition is designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL ATTORNEYS ONLY MATERIAL, the portion of the deposition record reflecting such material shall be stamped with the appropriate designation (e.g., "Confidential Pursuant to Protective Order" or "Confidential — Attorneys Only Pursuant to Protective Order) and access thereto shall be limited pursuant to the terms of this Order. The terms of this Order shall apply to videotaped depositions, and video cassettes (or CDs or DVDs) or other video (or similar) containers shall be labeled in accordance with this Order.

9. If, during a deposition, a question calls for an answer that any party claims is CONFIDENTIAL MATERIAL or CONFIDENTIAL — ATTORNEYS ONLY MATERIAL, the party may request any person who is not authorized to receive CONFIDENTIAL MATERIAL to leave the room during that portion of the testimony.

10. A party that inadvertently fails to mark an item as CONFIDENTIAL MATERIAL or CONFIDENTIAL — ATTORNEYS ONLY MATERIAL at the time of production may subsequently designate the item as CONFIDENTIAL MATERIAL or CONFIDENTIAL — ATTORNEYS ONLY MATERIAL by providing all parties with written notice of the designation, accompanied by substitute copies of any document(s) or discovery response(s) appropriately marked as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS ONLY. Within ten (10) days of receipt of substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof.

11. If documents produced are not designated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS ONLY by the producing party and the receiving party believes in good faith that some or all of the documents produced are entitled to be and should be so designated, the receiving party may within thirty (30) days receipt of such documents make such designation. Such designation and notice thereof shall be made in writing, and shall either (a) be accompanied by substitute copies of any document(s) appropriately marked CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS ONLY, or (b) include a listing by bates number of all material being so designated. Upon receipt of such designation in accordance with this paragraph 11, the recipient thereof shall for purposes of this Order be considered as the "receiving party" as to the document so designated.

12. Any party who has designated any material as CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL pursuant

to this Order may consent to the removal of such designation by so notifying counsel for the other parties in writing.

13. If a party contends that any document or other material that is designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL is not confidential, the party (referred to as the "Challenging Party") shall notify the designating party in writing of such objection, specifying the basis thereof. After the Challenging Party provides written notice, the parties shall negotiate in good faith to attempt to resolve their dispute regarding the confidentiality of the subject materials. Should such meet-and-confer efforts fail, the Challenging Party may then file a motion or other appropriate application with this Court to determine the confidentiality of the subject materials. The information which is the subject of such dispute shall continue to be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY subject to this Order unless and until this Court rules that the subject materials are not CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL.

14. CONFIDENTIAL MATERIAL shall be treated by each receiving party as confidential unless and until the Court rules to the contrary or the designating party agrees otherwise. CONFIDENTIAL MATERIAL shall not be shown or disclosed to any person by the receiving party, except to the following persons:

    a. the Court and those employed by the Court;

    b. each of the named parties to the Action who have, through their respective counsel, signed this Stipulation, including any representative of the party (i.e., officers, directors, partners);

    c. any present or former employee of a party outside the deposition context, so long as that present or former employee (i) authored or received the CONFIDENTIAL MATERIAL, or

-6-
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
28804501.1

(ii) had previous access to the CONFIDENTIAL MATERIAL based upon the known source of the CONFIDENTIAL MATERIAL (i.e., through a source list or access code);

d. counsel to the parties, including the clerical, secretarial, and paralegal staff employed by such counsel;

e. court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in this Action;

f. independent contractors engaged in one or more aspects of organizing, imaging, filing, coding, converting, storing or retrieving data, documents or information, or designing programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system;

g. experts and consultants assisting in the prosecution, defense, settlement or other disposition of the Action, plus their clerical and secretarial staff;

h. Defendants' insurers or their counsel;

i. any person who a party intends, in good faith, to call as a witness in any deposition, hearing or trial in the Action, and that person's attorneys to the extent reasonably necessary to give his or her testimony;

j. any person whom the designating party has consented to disclosure in advance and in writing, on notice to each party thereto; and

k. independent contractors or vendors engaged in the routine practice of copying documents.

15. CONFIDENTIAL — ATTORNEYS ONLY MATERIAL shall be treated by each receiving party as confidential unless and until the Court rules to

-7-
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
28804501.1

the contrary or the designating party agrees otherwise. CONFIDENTIAL — ATTORNEYS ONLY MATERIAL shall not be shown or disclosed to any person by the receiving party, except to the following persons:

    a.    the Court and those employed by the Court;

    b.    any present or former employee of a party outside the deposition context, so long as that present or former employee (i) authored or received the CONFIDENTIAL — ATTORNEYS ONLY MATERIAL, or (ii) had previous access to the CONFIDENTIAL — ATTORNEYS ONLY MATERIAL based upon the known source of the CONFIDENTIAL — ATTORNEYS ONLY MATERIAL (i.e., through a source list or access code);

    c.    counsel to the parties, including the clerical, secretarial, and paralegal staff employed by such counsel;

    d.    court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in this Action;

    e.    independent contractors engaged in one or more aspects of organizing, imaging, filing, coding, converting, storing or retrieving data, documents or information, or designing programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system;

    f.    experts and consultants assisting in the prosecution, defense, settlement or other disposition of the Action, plus their clerical and secretarial staff;

    g.    Defendants' insurers or their counsel;

    h.    any person who a party intends, in good faith, to call as a witness in any deposition, hearing or trial in the Action, and

|   |   |   |
|---|---|---|
|   |   | that person's attorneys to the extent reasonably necessary to give his or her testimony; |
|   | i. | any person whom the designating party has consented to disclosure in advance and in writing, on notice to each party thereto; and |
|   | j. | independent contractors or vendors engaged in the routine copying of documents. |

16. The list of persons to whom the CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL may be provided may be expanded by mutual agreement of counsel of record.  Any party may propose such an expansion by serving a letter on all counsel of record specifically identifying and describing the role and function of the person(s) intended to be added to the list ("Expansion Letter").  Persons so designated shall be automatically added to the persons listed in Paragraphs 14 and 15 unless, within fifteen (15) business days of service of the Expansion Letter, counsel for a party objects to the Expansion Letter by serving a written objection stating a good faith basis for the objection.  If counsel for a party objects to an Expansion Letter, no CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL produced by the objecting party may be disclosed to such person unless the Court so orders.

17. Prior to receiving any information designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL, each person referenced in Sub-Paragraphs 14(c), (f), (g), (i) or (j) and 15(b), (e), (f), (h) or (i), shall be provided with a copy of this Order and shall execute a confidential agreement in the form of Attachment A.  With respect to persons referenced in Sub-Paragraphs 14(f) and 15(e), Attachment A may be executed by a representative of the contractor on behalf of employees.  The confidentiality agreement shall not be discoverable except upon a showing of good cause.

18. Nothing in this Stipulation and Protective Order shall place any restrictions on the use or disclosure of any documents or information that were lawfully in the possession, custody, or control of any party, its affiliates, or its agents prior to or independently of the discovery process in this Action.

19. If any person or entity bound by the terms of this Order receives a subpoena or other process from any third-party seeking production of CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL, that person or entity shall, within three (3) business days of receiving the subpoena or other process, give written notice to the party who designated the materials as CONFIDENTIAL or CONFIDENTIAL –ATTORNEYS ONLY. The person or entity shall also produce a copy of the subpoena or other process to the designating party. Absent a court order to the contrary, no disclosure of CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL may be made pursuant to the subpoena or other process until the designating party has had a reasonable opportunity to seek to quash such subpoena or process.

20. The filing of CONFIDENTIAL MATERIAL or CONFIDETIAL – ATTORNEYS ONLY MATERIAL with the Court, and any request by a party to seal any portion of the Court file in this action, shall be governed by Local Civil Rule 79-5.1. The parties are expressly cautioned, however, that this Stipulation and Protective Order, in and of itself, creates no entitlement to file under seal any information, documents, or things designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL by the parties. Accordingly, reference to this Stipulation and Protective Order or to the parties' designation of any information, document, or thing as CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL is wholly insufficient to warrant filing under seal. **Good cause must be shown to support a filing under seal, and the parties' mere designation of any information,**

**document, or thing as CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL does not – without the submission of competent evidence establishing that the information, document, or thing sought to be filed under seal constitutes or reflects private, proprietary, sensitive business, financial, or trade secret information – establish good cause.**

21. If a party fails to file information under seal, any person who in good faith believes that filing under seal is required to protect its interests may request that the Court seal the information within fourteen (14) court days of learning of the allegedly defective filing. Notice of such motion or ex parte application shall be given to all parties.

22. The parties shall confer in good faith prior to trial in an attempt to devise protective procedures to be applicable at trial that are satisfactory to the Court.

23. This Stipulation and Protective Order shall not prevent a party from applying to the Court for relief from the Order, or for applying to the Court for further or additional protective orders.

24. In the event that CONFIDENTIAL MATERIAL or CONFIDENTIAL –ATTORNEYS ONLY MATERIAL is disclosed to any person or entity other than in the manner authorized by this Order, the party (or non-party) responsible for having made the disclosure shall arrange for the return of CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL and shall take measures necessary to prevent any additional unauthorized disclosure.

25. The inadvertent production of any privileged document or any document protected from discovery by the work product doctrine shall be without prejudice to any subsequent claim that such document is privileged or protected from discovery by the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production. Upon written demand of the

producing party or non-party, all copies of the inadvertently produced document shall be returned to the producing party.

26. Within sixty (60) days after the final termination of this Action, counsel for the receiving party shall return all copies of the CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL to counsel for the designating party, or shall, with the written consent of the designating party, destroy such CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL and provide the designating party with a written certification of destruction. Within sixty (60) days after final termination of such action, the receiving party shall return all copies of CONFIDENTIAL MATERIALS or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL to counsel for the designating party, or provide the written certification contemplated herein with the consent of said designating party.

27. Nothing contained herein shall be construed to affect in any way the use or admissibility of any document, testimony, or other evidence at trial. In the event that the case proceeds to trial, all of the information that was designated as CONFIDENTIAL MATERIALS or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL and/or kept and maintained pursuant to the terms of this Stipulation and Protective Order becomes public and will be presumptively available to all members of the public, including the press, upon its admission into evidence at trial **unless sufficient cause is shown in advance of trial to proceed otherwise**.

28. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto shall be construed as a waiver of any claim or defense in this Action. The entry of this Order shall neither be construed as a waiver of any right to object to the furnishing of information in response to discovery nor relieve any party of the obligation of producing information in the course of discovery.

29. Each person to whom CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL is made available under the terms of this Stipulation and Protective Order consents to the jurisdiction of the Court to enforce its terms.

30. The restrictions on use of CONFIDENTIAL MATERIAL or CONFIDENTIAL – ATTORNEYS ONLY MATERIAL set forth in this Stipulation and Protective Order shall survive the conclusion of this Action and, after conclusion of this Action, the Court shall exercise limited jurisdiction for the purpose of enforcing this Stipulation and Protective Order.

31. The Stipulation and Protective Order may be supplemented and/or amended by the parties upon an appropriate showing to the Court or on the Court's own motion.

32. The terms of this Stipulation and Protective Order shall be effective and binding upon a party upon the signature of its counsel below.  In the event additional parties are added to the Action, including additional named plaintiffs, the terms of this Order shall be effective and binding upon such additional parties to the extent such party (or parties) is represented by any of the undersigned counsel.

## **ORDER**

Based on the parties' July 10, 2009 Stipulation and Proposed Protective Order ("Stipulation"), as modified by the Court, the terms of the Stipulation are adopted as a Protective Order of this Court.

DATED:  October 23, 2009

　　　　　　　　　　　　　　　/s/
　　　　　　　　　　_____
　　　　　　　　　　MARGARET A. NAGLE
　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Submitted and Stipulated to by:

Dated: July 10, 2009                         RINGLER KEARNEY ALVAREZ, LLP
                                                                   JEROME L. RINGLER
                                                                   THOMAS A. KEARNEY
                                                                   PAUL ALVAREZ
                                                                   PAUL G. SZUMIAK

                                                                   By: _____
                                                                           Paul Alvarez
                                                                 Attorneys for Plaintiff WATSON CSR,
                                                                 INC. dba WATSON COURT
                                                                 REPORTERS, Individually and on Behalf
                                                                 of All Others Similarly Situated

Dated: July 10, 2009                         MAYER BROWN LLP
                                                                  JOHN NADOLENCO
                                                                  JOSEPH W. GOODMAN


                                                                 By: _____
                                                                           Joseph Goodman
                                                                 Attorneys for Defendant
                                                                 AT&T MOBILITY LLC.

# ATTACHMENT A
## **CONFIDENTIALITY AGREEMENT**

1. I, _____, have read and understand the Stipulation and Protective Order dated _____, 2009 (the "Protective Order") in the action entitled *Watson CSR, Inc. v. AT&T Mobility LLC.*, U.S.D.C. Case No. CV09-02502 GW (MANx).  I agree to be bound by its terms with respect to any documents, information or materials that are furnished to me as set forth in the Protective Order.

2  I further agree not to disclose to anyone any such documents, information or materials, except as set forth in the Protective Order.

3. I agree that any documents, materials or information furnished to me will be used by me only for the purposes of this litigation and for not other purposes, and will not be imparted by me to any other person.  I will maintain all such documents, materials or information in a secure manner to prevent unauthorized access to it.

4. I acknowledge that any violation of the Protective Order may be punishable by contempt of court or through monetary sanctions ordered by the Court, or both.

5. No later than 30 days after the conclusion of the action, I will return all such documents, materials or information to the person who furnished it to me.

6. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

_____
Signature                Date

_____
Print Name Title

_____
Company Name